UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-21575-CIV-MORENO

In re: Application Pursuant to 28 U.S.C. § 1782 of
Elizabeth Kang, an American citizen residing in Germany,

    Applicant,
vs.

Nova Vision, Inc., Navroze S. Mehta and Crossbow
Ventures, Inc.,,

    Respondents.
_____/

**ORDER DENYING IN PART AND GRANTING IN PART
MOTION TO QUASH AND/OR MODIFY SUBPOENAS**

THIS CAUSE came before the Court upon Motion of NovaVision, Inc., Navroze S. Mehta and Crossbow Ventures, Inc. to Quash and/or Modify Subpoenas and Memorandum, in Support **(D.E. No. 4)**, filed on **September 6, 2006**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the Motion is **DENIED IN PART** and **GRANTED IN PART** in accordance with this Order.

**BACKGROUND**

Ms. Kang is the plaintiff in an action against Medinova Medical Consulting GmbH ("Medinova") in Germany pending since August 28, 2001. The complaint in that case alleges that Dr. Sabel, the majority shareholder and managing director of Medinova, unlawfully sold two subsidiaries of Medinova (Nova Vision AG and NanoPharm AG), along with their intellectual property, to himself by Shareholder Resolution on July 24, 2001. Before the Shareholder Resolution, Dr. Sabel owned 52% of the Nova Vision AG shares while Ms. Kang and their children owned 48%. Ms. Kang requests the German court to

nullify the Shareholder Resolution.

NovaVision AG owned the rights to a therapeutic method called Visual Restoration Therapy ("NovaVision VRT ™"). In 2002, Dr. Sabel incorporated NovaVision, Inc. It is believed that Dr. Sabel transferred the rights in NovaVision VRT ™ to NovaVision, Inc. on August 28, 2003. Respondent Navroze S. Mehta has been the President and CEO of NovaVision, Inc. since September 2003 and Respondent Crossbow Ventures, Inc. has invested millions of dollars in NovaVision, Inc. NovaVision AG is now a wholly owned subsidiary of NovaVision, Inc. Ms. Kang alleges that when NovaVision, Inc. purchased NovaVision AG, they did so with full knowledge of her claims against NovaVision AG.

In the instant action, Ms. Kang seeks discovery from Respondents regarding: (1) the value of Nova Vision AG and its intellectual property, which Respondents purchased from Dr. Sabel; (2) Dr. Sabel's receipts from the sale of these assets to Nova Vision, Inc.; and (3) information regarding Dr. Sabel's continued ownership or control of the assets transferred through the Shareholder Resolution. Ms. Kang maintains that this information will assist the German court in determining the proper value of Nova Vision AG at the time that it was sold to Dr. Sabel, and in determining whether Dr. Sabel took a corporate opportunity of Medinova for himself.

## LEGAL ANALYSIS

Under 28 U.S.C. §1782, a district court may permit an interested person to take discovery from persons residing in its district for use in a foreign proceeding. In *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004), the Supreme Court outlined a series of factors that district courts should use as guidelines in considering whether § 1782 assistance is appropriate. First, the Supreme Court noted that because nonparticipants in foreign proceedings may be outside the foreign tribunal's jurisdictional reach, § 1782 is especially useful in these situations. Here, Ms. Kang is seeking discovery from Respondents, who are not parties to the German litigation.

Secondly, the Supreme Court noted that a district court presented with a § 1782 request should consider the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign court to federal court judicial assistance. Here, Ms. Kang seeks discovery in support of a commercial proceeding in a German court which she maintains would be receptive to the discovery. Although Respondents counter that the German court has neither requested nor indicated that it will use the information and that the court has no conduit (e.g., appraiser) for using the information, there exists a substantial amount of case law where courts have found that German commercial courts are an appropriate forum for § 1782 assistance, the foreign tribunal need not explicitly request the discovery sought, and the availability of discovery in the foreign forum is not relevant for the determination of whether discovery is available under § 1782. *See Metallgesellschaft v. Hodapp,* 121 F.3d 77 (2nd Cir. 1997); *In re Proctor & Gamble Comp.,* 334 F. Supp. 2d 1112 (E.D. Wis. 2004). Therefore, the fact that the German court has neither requested nor indicated that it will use the information is not decisive.

Lastly, the Supreme Court notes that a district court should consider whether a § 1782 request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the U.S. In fact, unduly intrusive or burdensome requests may be rejected or trimmed. The Court advised that it "leaves it to the [district courts], applying closer scrutiny, to ensure an airing adequate to determine what, if any, assistance is appropriate." *Intel*, 542 U.S. at 245.

Respondents ask the court to consider factors such as Ms. Kang's need for the documents, relevance, the breadth of the discovery requests and the burden imposed. Here, to demonstrate the undue burden Ms. Kang's request imposes, Respondents argue that the discovery Ms. Kang seeks is irrelevant because NovaVision, Inc. did not exist when Dr. Sabel purchased NovaVision AG in 2001 and the technology that NovaVision AG marketed in Germany as of July 24, 2001 was transformed significantly in 2003 and then again in 2004. Further, Respondents argue that Ms. Kang's request is unduly burdensome because Ms. Kang seeks sixteen categories of documents from NovaVision, Inc., thirteen categories of

documents from Mr. Mehta, and nine categories of documents from Crossbow. Moreover, the time frame for all her discovery requests spans seven years: from 1999 through the present. Respondents assert that because the requested documents span more than seven years and are located among more than seven sites, Respondents would have to incur significant expense to gather, and review for confidentiality and privilege, the documents requested. Accordingly, Respondents request that Ms. Kang be required to advance the cost of any discovery the court deems appropriate. *Cantaline v. Raymark Indus., Inc.*, 103 F.R.D. 447, 450-51 (S.D. Fla. 1984) (requiring discovering party to pay non-party's cost of compliance is consistent with Rules 26 and 45). Additionally, because Ms. Kang has requested some of NovaVision, Inc's most confidential and intimate documentation, Respondents are concerned about how Ms. Kang really intends to use the information that she seeks.

## CONCLUSION

Taking into consideration the respective concerns of all Parties involved, the Court will allow discovery in accordance with the foregoing specifications: (1) Applicant Kang is hereby ordered to cover up to $10,000 of the expense incurred in completing this discovery; (2) Applicant Kang is only permitted discovery of Respondents' information from the years 1999 thru 2003, not beyond that; and (3) all relevant discovery documents will bypass Applicant Elizabeth Kang, as well as her attorney, and will be submitted directly to the German appraiser, once one is appointed.

DONE AND ORDERED in Chambers at Miami, Florida, this _26th_ day of June, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to: Counsel of Record